1

2

3

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

4

5

DASHWIRE, INC.,

Plaintiff,

Cause No. 11-cv-0257

6

7

v.

COMPLAINT FOR PATENT
INFRINGEMENT

8

SYNCHRONOSS TECHNOLOGIES, INC.,

Defendant.

DEMAND FOR JURY TRIAL

9

10

11

Plaintiff DASHWIRE, INC. ("Dashwire" or "Plaintiff") complains of Defendant

12

SYNCHRONOSS TECHNOLOGIES, INC. ("Synchronoss" or "Defendant") as follows:

13

**NATURE OF LAWSUIT**

14

1.      This is a claim for patent infringement arising under the patent laws of the

15

United States, Title 35 of the United States Code.

16

2.      This case is related to Cause No. 3:11-cv-00002-bbc, which is pending before

17

this Court.

18

**THE PARTIES**

19

3.      Dashwire is a company incorporated under the laws of Delaware with a

20

principal place of business at 936 N. 34th St., Seattle, Washington 98103.  Dashwire is the

21

owner of U.S. Patent No. 5,574,779 (the '779 Patent) issued Nov. 12, 1996 and entitled

22

"Method and Apparatus for Provisioning Network Services" (copy attached as Exhibit A),

23

and of U.S. Patent No. 5,883,946 (the '946 Patent) issued Mar. 16, 1999 and entitled "Method

24

and Apparatus for Provisioning Customized Telecommunications Services" (copy attached as

25

Exhibit B). Plaintiff owns all right, title, and interest in, and has standing to sue for

26

infringement of the '779 Patent and the '946 Patent.

27

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
TELEPHONE:  206.436.0900

1    4.    Dashwire has complied with its obligations, if any, created by 35 U.S.C. § 287

2  and is entitled to an award of damages for past infringement.

3    5.    Synchronoss is a Delaware corporation with a business address at 750 Route

4  202 South, Suite 600, Bridgewater, New Jersey 08807.   Upon information and belief,

5  Synchronoss is in the business of automating subscriber activation, order management,

6  service provisioning and content transfer and synchronization.   On information and belief,

7  Synchronoss transacts business and has directly or indirectly sold and/or caused to be

8  distributed to customers in this judicial district and throughout the State of Wisconsin

9  products and/or services that infringe one or more claims each of the '779 Patent and the '946

10  Patent.

11    **JURISDICTION AND VENUE**

12    6.    This Court has exclusive jurisdiction over the subject matter of this Complaint

13  under 28 U.S.C. §§ 1338(a).

14    7.    Personal jurisdiction over the Defendant is proper in this Court.  Venue in this

15  judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

16

17    **DEFENDANT'S ACTS OF PATENT INFRINGEMENT**

18    8.    Defendant has been and is directly infringing at least Claim 6 of the '779

19  Patent and at least Claim 1 of the '946 Patent under 35 U.S.C. §271(a) by providing to

20  customers, including customers in this judicial district, platforms for provisioning and

21  customizing telecommunications services, including telephone and/or broadband service.

22    9.    Defendant has been and is directly infringing at least Claim 6 of the '779

23  Patent under 35 U.S.C. §271(a) by making, offering for sale, selling, using and/or importing

24  platforms for provisioning network services in and/or into the United States.   Upon

25  information and belief, products made, offered for sale, sold, or imported into the United

26  States by Defendant include, by way of example but not limitation, the "Convergence Now"

27  and "Convergence Now plus+" provisioning platforms.  Defendant has also infringed the '779

COMPLAINT                          Page 2

1   Patent under 35 U.S.C. §271(b) by knowingly and actively inducing others to infringe through

2   the sale, distribution and/or use of such provisioning platforms.  By way of example, not

3   limitation, a representative claim chart showing how the provisioning platforms made, sold,

4   offered for sale, used or imported in and/or into the United States by Defendant infringe at

5   least Claim 6 of the '779 Patent is attached as Exhibit C.

6         10.    Defendant has been and is directly infringing at least Claim 1 of the '946

7   Patent under 35 U.S.C. §271(a) by making, offering for sale, selling, using and/or importing

8   platforms for provisioning customized telecommunications services in and/or into the United

9   States.  Upon information and belief, products made, offered for sale, sold, or imported into

10  the United States by Defendant include, by way of example but not limitation, the

11  "Convergence Now" and "Convergence Now plus+" provisioning platforms.  Defendant has

12  also infringed the '946 Patent under 35 U.S.C. §271(b) by knowingly and actively inducing

13  others to infringe through the sale, distribution and/or use of such provisioning platforms.  By

14  way of example, not limitation, a representative claim chart showing how the provisioning

15  platforms made, sold, offered for sale, used or imported in and/or into the United States by

16  Defendant infringe at least Claim 1 of the '946 Patent is attached as Exhibit D.

17        11.    Defendant's direct infringement and inducement to infringe have been willful

18  and have deliberately injured and will continue to injure Plaintiff unless and until the Court

19  enters an injunction prohibiting further infringement and, specifically, enjoining further

20  manufacture, use, importation, sale and/or offer for sale of products that fall within the scope

21  of the asserted patents.

22

23                    **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiffs ask this Court to enter judgment against Defendant and

25  against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert

26  or participation with them, granting the following relief:

27

COMPLAINT               Page 3

1     A.     An award of damages adequate to compensate Plaintiff for the infringement

2  that has occurred, together with prejudgment interest from the date infringement of the

3  asserted patents began;

4     B.     Increased damages as permitted under 35 U.S.C. § 284;

5     C.     A finding that this case is exceptional and an award to Plaintiff of its attorneys'

6  fees and costs as provided by 35 U.S.C. § 285;

7     D.     A permanent injunction prohibiting further infringement, inducement and

8  contributory infringement of the asserted patents; and

9     E.     Such other and further relief as this Court or a jury may deem proper and just.

10

11                         **JURY DEMAND**

12  Plaintiffs demand trial by jury on all issues presented in this Complaint.

13

14  Dated this 7th day of April, 2011.        Respectfully submitted,

15

16                                 */s/ Philip P. Mann*
                                    Philip P. Mann, WSBA No: 28860

17                                  MANN LAW GROUP
                                    Seattle Tower

18                                  1218 Third Avenue, Suite 1809
                                  Seattle, Washington  98101

19                                  Phone (206) 436-0900
                                  Fax (866) 341-5140

20                                  *phil@mannlawgroup.com*

21                                  John Whitaker, WSBA No. 28868

22                                  WHITAKER LAW GROUP
                                  Seattle Tower

23                                  1218 Third Avenue, Suite 1809
                                  Seattle, Washington  98101

24                                  Phone (206) 436-8500
                                  *john@wlawgrp.com*

25

26                                Attorneys for Plaintiff Dashwire, Inc.

27

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
TELEPHONE:  206.436.0900